UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

SCOTT KNOUS,

               Plaintiff,

      -v-                      **Case No. _____**

BROADRIDGE FINANCIAL SOLUTIONS, INC.,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## <u>NOTICE OF REMOVAL</u>

**PLEASE TAKE NOTICE** that, on this date, Defendant Broadridge Financial Solutions, Inc. ("Defendant" or "Broadridge") has filed this Notice of Removal pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, in the office of the Clerk of the United States District Court for the District of Massachusetts, from the Superior Court of the Commonwealth of Massachusetts for the County of Suffolk, where the action is now pending.  In support of removal, Defendant states as follows:

      1.     On May 22, 2019, by Summons and Complaint, Plaintiff Scott Knous ("Plaintiff") commenced a civil action against Defendant in Suffolk County Superior Court entitled *Knous v. Broadridge Financial Solutions, Inc.*, Civil Action No. 1984CV01630 (the "State Court Action"). A true and correct copy of the Summons, Complaint and Jury Demand are attached as Exhibits ("Exs.") A and B.  A true and correct copy of the Civil Action Cover Sheet is attached as Ex. C. A true and correct copy of the State Court Action's Case Information and Docket is attached as Ex. D.

      2.     Counsel for Defendant accepted service of process of Plaintiff's Complaint on behalf of Broadridge on August 29, 2019.  (*See* Ex. A.)

3.	The Notice of Removal is being filed within thirty (30) days after Defendant was served with the Complaint, and is timely under 28 U.S.C. § 1446(b).

4.	It has been less than one (1) year since the commencement of the action, and therefore this removal is timely under 28 U.S.C. § 1446(c)(1).

5.	This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6.	Plaintiff is a citizen of the Commonwealth of Massachusetts, and according to the Complaint, resides at 6 Cordis Street, Unit 1, Charlestown, Massachusetts.  (Ex. B, Compl. ¶ 1.)

7.	Defendant is a citizen of the State of Delaware (Ex. B, Compl. ¶ 2) with its principal place of business located at 5 Dakota Drive, Lake Success, in the State of New York.

8.	In the Complaint, Plaintiff seeks compensatory damages for alleged unpaid wages and unpaid vacation time pursuant to Mass. Gen. Law Ch. 149 § 150 and Ch. 151 § 1B, as well as attorneys' fees, costs, prejudgment interest, statutory interest, exemplary and punitive damages. (Ex. B, Compl. at 2-3).  Plaintiff's Civil Action Cover Sheet, filed in the State Court Action, specifically alleges damages in the amount of $264,354.00.  (*See* Exs. C-D.)

9.	Therefore, the damages that Plaintiff seeks in his Complaint exceed $75,000.00, and this Court has jurisdiction over the State Court Action by virtue of the parties' diversity of citizenship.  *See* 28 U.S.C. § 1332(a).

10.	A true and complete copy of this Notice of Removal has been served this day on the Clerk of the Suffolk County Superior Court for filing in accordance with 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal is attached hereto as Ex. E, the original of which is being filed with the Suffolk County Superior Court Civil Clerk. This Notice of Removal

and a Notice of Filing of Notice of Removal have also been served this day via first class mail upon Plaintiff.

11.     By filing this Notice, Defendant does not waive any of its rights and specifically reserves the right to assert any defenses, denials, and/or objections to which it may be entitled.

**WHEREFORE,** Defendant Broadridge Financial Solutions, Inc. respectfully requests that the State Court Action be removed and hereinafter proceed in the United States District Court for the District of Massachusetts.

September 17, 2019

Respectfully submitted,
**EPSTEIN BECKER & GREEN, P.C.**


By:      */s/ Elizabeth S. Torkelsen*
Elizabeth S. Torkelsen (BBO# 562089)
One Landmark Square
Stamford, Connecticut 06901
Tel.:  (203) 326-7417
ETorkelsen@ebglaw.com

## CERTIFICATE OF SERVICE

I, Elizabeth S. Torkelsen, hereby certify that on this 17th day of September 2019, the foregoing Notice of Removal was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing.  A true copy of the foregoing Notice of Removal was also served via first class mail upon the attorney of record for Plaintiff:

Alan Crede, Esq.
Conforto Law Group
20 Park Plaza #1115
Boston, MA 02116

*/s/ Elizabeth S. Torkelsen*
Elizabeth S. Torkelsen